UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROOR INTERNATIONAL BV and
SREAM, INC.,

    Plaintiffs,

v.                           Case No.:  2:19-cv-62-FtM-99MRM

RAHIM ALI,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Rahim Ali's Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Damages (Doc. 33) and Plaintiffs Roor International BV and Sream, Inc's response (Doc. 36).

The Court recounts the factual background as pled in Plaintiffs' Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).  This trademark infringement case centers on RooR-branded glass water pipes.  Roor owns three USPTO registrations for the RooR word mark, and Sream is Roor's exclusive licensee in the United States.  They sued Lotus Smoke Shop and its "owne[rs],

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

manage[rs], and/or operator[s]" Adnan Virani and Rahim Ali for selling counterfeit products bearing the RooR mark. (Doc. 1). Roor and Sream dismissed Lotus and Virani. (Doc. 17; Doc. 21). Ali, the sole remaining defendant, moves to dismiss the Complaint under Rule 12(b)(6). (Doc. 33).

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Thus, the Court engages in a twostep approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Ali urges dismissal because Plaintiffs have not alleged sufficient facts to hold him liable for Lotus Smoke Shop's counterfeit sales. An individual can be liable for a corporation's trademark infringement if he "actively caused the infringement, as a moving, conscious force." *ADT LLC v. Alarm Protection Tech. Fla., LLC*, 646 F. App'x 781, 787 (11th Cir. 2016) (internal quotations and citations omitted). Ali attacks the Complaint for its "threadbare and conclusory" allegations that "never distinguish acts between Virani and Ali." (Doc. 33 at 3-4).

The Complaint alleges that Ali, along with Varani, "owned, managed, and/or operated" Lotus Smoke Shop, selected and purchased products for resale, "actively, knowingly, and intentionally adopted and used" the RooR marks, and was "a moving, active, and conscious force behind LOTUS SMOKE SHOP'S infringement." (Doc. 1 at 3, 10). These allegations, if proven true, are enough to hold Ali personally liable for Lotus Smoke Shop's infringing sales. And while a complaint that fails to distinguish claims against multiple defendants can sometimes be dismissed as a shotgun pleading, joint pleading is proper when, as here, each defendant's liability is based on a common factual scenario. Compare *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) with *Abbasi v. Bhalodwala*, 149 F. Supp. 3d 1372, 1376 (M.D. Ga. 2015). Roor and Sream have plausibly pled that Ali is liable for Lotus Smoke Shop's infringing sales.

Accordingly, it is now

**ORDERED:**

Defendant Rahim Ali's Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Damages (Doc. 33) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of July, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3